## NICK MARTINE v. THE STATE.

No. 18543. Delivered November 12, 1936.

The opinion states the case.

*O. M. Wylie,* of Archer City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle; punishment, two years in the penitentiary.

Mr. Zotz lived in Archer County, Texas, and lost ten head of cattle between October 18th and November 10th, 1935. The cattle were in a pasture about three miles from where he lived. He testified that not long prior to the alleged theft appellant was on his place threshing, and the cattle in question came up, and appellant looked at them and commented to witness upon what nice cattle he had. On October 22nd appellant sold to Keen Commission Company in Fort Worth ten head of cattle of the same brand as those lost by Mr. Zotz, who afterwards inspected one of said cattle, which bore his brand, and testified that it was one of those that he lost on the occasion in question.

Appellant sold the cattle on October 22, 1935, giving the name of L. C. Williams, and received in payment therefor a draft drawn in favor of L. C. Williams, which draft appellant deposited in his own bank account in Wichita Falls, Texas, the next day. Wichita County and Archer County join. Appellant lived at Windthorst in Archer County.

Appellant took the stand and testified that on the night of October 21st he was in Windthorst, and a man came to him whom he did not know and asked him if he could haul some cattle to Fort Worth for him; that he had torn the clutch out of his truck, which was some five miles from Windthorst. Appellant said he agreed to go with the man and haul the cattle, and did so. He testified that when he and this man got to where the truck was another man was there, and they transferred the cattle to appellant's truck, and the man giving the name of Williams went with him back as far as Windthorst, where said party left appellant, saying that he was going to Wichita Falls and get some man to fix his truck. Appellant testified that he carried the cattle to Fort Worth, at which place he arrived about midnight. He further testified that he became uneasy about the transaction as he approached Fort Worth, so he turned the cattle over to the commission company in the name of L. C. Williams, and also gave an incorrect number for his truck. He further testified that he received a check for these cattle, which was payable to L. C. Williams, and that he took this check to Wichita Falls the next day where he accidentally met the man who gave the name of Williams. He

testified that he handed said party the check and Williams refused to take it, claiming that he had told appellant to bring him the money for the cattle. Appellant testified he paid Williams the amount brought by the cattle, out of money which he had in his own pocket, and later deposited the check, endorsing thereon the name of L. C. Williams and his own name under it. The State introduce a written statement made by appellant subsequent to his arrest for this offense, in which appellant said that when Williams refused to take the check he endorsed upon said check the name of Williams and got the money on it and gave it to said party. The State introduced a copy of appellant's bank account at the time of and after the transaction in question, showing deposits of money in the bank by appellant on the days immediately preceding the date of this transaction, and that on the date of the alleged deposit of the check here involved appellant have given a check in settlement of a note which he owed amounting to some three hundred dollars. Without going into the facts further, we are of opinion that they are sufficient to justify the jury's conclusion that appellant's story was untrue, and that he in fact took the cattle himself and sold them under a fictitious name.

The court in submitting the case charged the law of circumstantial evidence, and no exception was taken to the charge for any reason.

Appellant's bill of exceptions No. 1 complains of the refusal of a continuance sought because of the absence of L. C. Williams and Albert Davis, alleged in the application to live in Potter County, Texas. No copy of any process or application therefor was attached to the application for continuance, nor does any of same appear in the bill. It appears that appellant's application was contested by the State on the ground that diligence was not shown, and the court heard evidence on the point, and overruled the application, giving as his reason therefor that no diligence was shown by the appellant, and further that it was made to appear that the witness Williams, sought by appellant, was a fictitious person; and for the further reason that if said Williams had been in fact present and a witness he need not have testified to selling appellant the cattle because he would thereby incriminate himself. We do not care to discuss the last reason advanced by the court, holding the first to sufficiently dispose of the matter.

It was shown in this connection that appellant was indicted on the 18th of February, 1936, and was present when the indictment was returned, and immediately gave bail. No process

was issued for any witness in his behalf until February 24th, on which date a subpoena was issued to Potter County for L. C. Williams. On February 29th a subpoena was issued to Potter County for Albert Davis. The case had been specially set for March 2, 1936, on the day the indictment was returned. No showing was made as to what had become of the subpoena issued for Davis. It is shown in the testimony heard by the trial court when the State contested the application for continuance, that an L. C. Williams was served with process in Potter County, and that said Williams immediately wrote to the clerk of the District Court of Archer County informing her that there must be some mistake; that he did not know appellant, and knew nothing of the transaction involved, and that he was an employee of the Magnolia Petroleum Company in Amarillo, giving his home address. Later this witness made an affidavit, which was introduced in evidence before the court upon the hearing of the application for continuance, in which he swore that he knew nothing of the case, did not know the appellant, and would so testify. The sheriff of Potter County made affidavit that the L. C. Williams who was served with process was an employee of the Magnolia Petroleum Company and lived in Amarillo, and had a responsible position, and that there was no other L. C. Williams to be found in Potter County, —giving the effort he had made to ascertain the facts relative thereto.

We observe that appellant testified on the trial that the man who employed him to haul said cattle to Fort Worth, and who gave his name to appellant as L. C. Williams, told appellant that he lived at Henrietta, which we know is the county seat of Clay County. We have searched the record to see if any process was issued to Clay County for L. C. Williams, or if there appeared any testimony showing that appellant either in person or by any other means had made search in Henrietta for L. C. Williams and find nothing in the record so showing. Appellant testified further that after he was indicted he began to look around for L. C. Williams and could not find him, but that he "contacted a person named Stone" in Wichita Falls who told him that L. C. Williams and Albert Davis lived in Potter County, whereupon appellant gave to his attorney the names of said parties, and a subpoena was issued to Potter County for L. C. Williams. Appellant did not produce the man Stone whom he said gave him the information, and further stated in his amended application for continuance that he did not know whether the said L. C. Williams, who had been served with

process in Potter County, was the man who hired him to haul the cattle or not. Blankenship v. State, 5 Texas Crim. App., 218. We are of opinion that the trial court correctly found that no diligence was shown. Any sort of diligence would seem to have demanded that appellant make search for the man claimed to be Williams, in the county where he said he lived, and to have had process issued to said county for said witness.

Objections to the charge of the court, based on the manner of submission of counts two and three of the indictment, need not be considered in view of the fact that appellant was found guilty of the offense charged in count one.

Bills of exceptions which refer to "State Exhibit No. 1" and "State Exhibit No. 4" are wholly insufficient, under all the authorities, to bring anything before us for review.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*